**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN DAVID KENNEMER, #2197180, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-CV-00080-RAS-CAN |
| v. | § | |
| | § | |
| DENTON COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant LaSalle Southwest Corrections' Motion to Dismiss [Dkt. 56].[1] After reviewing the Motion to Dismiss, Plaintiff's response, Defendant's reply, and all other relevant filings, the Court recommends the Motion to Dismiss be **GRANTED** and Plaintiff's claims against LaSalle Southwest Corrections, James Robinson, and John Doe #3 be **DISMISSED WITH PREJUDICE** as set forth herein.

**BACKGROUND**

On February 3, 2020, *pro se* Plaintiff John David Kennemer ("Plaintiff") initiated the instant suit arising out of his transfer into the custody of the Texas Department of Criminal Justice ("TDCJ") on May 31, 2018, specifically, his transport from the Parker County Jail to the Denton County Jail on that date, to await TCDJ transport. The instant cause is at least the second federal case Plaintiff has filed alleging claims arising out of this transfer.[2]

---

[1] Defendant avers that Southwestern Correctional, LLC is the correct party name [Dkt. 56 at 1].
[2] This matter, originally assigned to United States District Judge Amos L. Mazzant, III, was transferred on April 7, 2021, to United States District Judge Richard A. Schell [Dkt. 26], the undersigned having been referred under both District Judges this matter for pretrial proceedings [Dkt. 3].

***Plaintiff's Denton County Suit – the Instant Lawsuit***

At the time of filing this suit, Plaintiff was an inmate of the Texas Department of Criminal Justice; it is believed Plaintiff is no longer incarcerated.[3]  On February 24, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* [Dkt. 7].  On March 8, 2021, the Court ordered Plaintiff to prepare process for service by the United States Marshal [Dkt. 24].  On May 6, 2021, summons was returned as executed as to Defendant Denton County ("Denton County") [Dkt. 27].  On May 26, 2021, Plaintiff filed his First Amended Complaint – the live pleading – adding as parties Defendants LaSalle Southwest Corrections, correctly named Southwestern Correctional, LLC ("SWC"), James Robinson ("Robinson"), and John Does #1-4, specifically identifying Defendant #7 as "John Doe #3, LaSalle Correction Transport Officer" ("LaSalle John Doe") (together, the "LaSalle Defendants" or "Defendants") [Dkt. 35 at 5-6].[4]  Summons were issued for SWC and Robinson [Dkts. 46; 47].  Summons was returned as executed for SWC [Dkt. 54].  Summons was returned unexecuted for Robinson [Dkt. 55].  No summons was issued for the LaSalle John Doe.

***Plaintiff's Live Pleading***

The live pleading asserts claims against the LaSalle Defendants for denial of medical care in violation of the Eighth Amendment under 42 U.S.C. § 1983, as well as violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") [Dkt. 35 at 9-13].  Plaintiff alleges he was injured on May 31, 2018, during transfer into

---

[3] On September 17, 2021, Plaintiff filed a notice of address and "status change" advising the Court he "is no longer a prisoner at East Texas Treatment Center" [Dkt. 50].  SWC pleads it believes Plaintiff has been released from custody.
[4] The Parties are listed and identified in the Complaint as follows: Defendant #1 – Denton County; Defendant #2 – La Salle Southwest Corrections [SWC]; Defendant #3 – James Robinson, transport officer for La Salle Southwest Correction.  The John Does are identified as: Defendant #4 – John Doe #1, desk officer at Denton County Jail on May 31, 2018; Defendant #5 – John Doe #4, control room officer at Denton County Jail on May 31, 2018; Defendant #6 – John Doe #2, "Denton County Sheriff (a man of Latino desent [sic], 5'9'', 300 lbs, wore glasses); and Defendant #7 – John Doe #3, La Salle Corrections transport officer ("I believe he was rank of sgt. [and] 6'4'', 270 pounds") [Dkt. 35 at 5-6].

TDCJ custody, when he was transported by the LaSalle Defendants from the Parker County Jail to the Denton County Jail to await transport to a TDCJ facility [Dkt. 35 at 17-19]. The Denton County Jail serves as the central hub for the Texas Department of Criminal Justice-Institutional Division to take custody of out-of-county prisoners [*See* Dkt. 38 at 2]. Plaintiff seeks a declaratory judgment and damages [Dkt. 35 at 7].

Plaintiff pleads he originally broke his right heel on March 10, 2018, injuring his right ankle joint [Dkt. 35 at 8]. On March 27, 2018, a specialist in Mineral Wells, Texas, "diagnosed the plaintiff's disability, and provided that diagnosis to [SWC]" [Dkt. 35 at 8]. Relevant to the allegations against the LaSalle Defendants, Plaintiff claims the treatment plan of the treating specialist was not followed by the LaSalle Defendants [Dkt. 35 at 8]. More specifically, he pleads that on May 31, 2018, he "was transported [from Parker County] in the van operated by [SWC]" to Denton County Jail, which was "not made to transport a prisoner with a disability" or in a wheelchair [Dkt. 35 at 8]. Plaintiff suffered severe pain while trying to enter and exit the van, which he avers he was ordered to do by Robinson and LaSalle John Doe [Dkt. 35 at 8-9]. Upon arrival at the Denton County Jail, Plaintiff asked Robinson and LaSalle John Doe for a wheelchair or crutches but was told that Denton County did not have any and that he had to walk on his injured ankle [Dkt. 35 at 9]. Robinson allegedly spoke to a Denton County John Doe but "no words were said" about Plaintiff's injury [Dkt. 35 at 9]. Plaintiff alleges he ultimately "re-fractured his foot" while at Denton County Jail and continues to experience extreme pain daily because of his injury [Dkt. 35 at 9, 15].

Related to his ADA and Section 504 claims, Plaintiff pleads that SWC had a record of his impairment at least as of March 27, 2018, more than sixty days prior to his transport by the LaSalle Defendants on May 31, 2018 [Dkt. 35 at 11]. Plaintiff claims that, despite this knowledge, no

alterations were made to the transport van and that his disability "should have been noted on his transfer file" but was not [Dkt. 35 at 11]. He alleges he was denied the accommodation of a transport van that could transport a disabled person, denied the activity of riding in a van without pain like other inmates, and denied the "program, service, or activity of Medical Services that other inmates were not excluded from" [Dkt. 35 at 12-13]. Plaintiff claims Robinson had knowledge of his disability and denied him the specific accommodation of a wheelchair or crutches [Dkt. 35 at 12]. Related to SWC, Plaintiff pleads it had a "policy/practice" of denying Plaintiff accommodations while "walking/rolling into the Denton County Jail," and of denying him a properly equipped van with an access ramp and rails so he could engage in the activity of "entering the transport van under his own power like the other inmates" [Dkt. 35 at 12-13]. He asserts the "activity of being transported injury free" was denied to him [Dkt. 35 at 13].

Plaintiff sues Robinson and LaSalle John Doe in their official and individual capacities [Dkt. 35 at 16-20]. In support of this liability, Plaintiff pleads that Robinson has "20 years" experience working as a jailer, "hours of training," and that he knew Plaintiff was injured yet denied him medical care, which he should have known was needed as a result of his training and experience [Dkt. 35 at 16-17]. Plaintiff argues LaSalle John Doe has been a sergeant transport officer for SWC since April 2013 and had the authority to order him a wheelchair or crutches for transport [Dkt. 35 at 19]. Robinson and LaSalle John Doe allegedly both knew Plaintiff needed a wheelchair and that Plaintiff was prescribed use of crutches, which gave them "written notice of [his] disability" as well as from observation at the Parker County Jail [Dkt. 35 at 17-21]. Robinson acted maliciously by allegedly forcing Plaintiff to walk in extreme pain while laughing along with LaSalle John Doe during transport [Dkt. 35 at 17].

Related to the injury alleged, Plaintiff claims the denial of these accommodations and/or medical care caused his injury sustained in the parking lot of the Denton County Jail [Dkt. 35 at 20].  Plaintiff urges the denial of accommodations was not an "isolated incident" because multiple defendants separately denied him use of a wheelchair, which "occurred at different times in the day, and in different locations in the Denton County Jail" [Dkt. 35 at 22].  Robinson and LaSalle John Doe "knew of and disregarded an excessive risk" to Plaintiff's health and safety, and that an "inference could be drawn" of a substantial risk [Dkt. 35 at 22].

***Plaintiff's Parker County Suit – Northern District of Texas[5]***

Plaintiff has filed over a half-dozen lawsuits during his incarceration, each of which has previously been dismissed.  *See Kennemer v. UTMB Med.*, No. 6:21-CV-266, 2021 WL 5834429, (E.D. Tex. Sept. 23, 2021), *report and recommendation adopted*, No. 6:21-CV-266-JDK-KNM, 2021 WL 5826683 (E.D. Tex. Dec. 8, 2021) (dismissing Plaintiff's claims against the warden of the East Texas Treatment Facility of the TDCJ); *Kennemer v. Parker Cnty.*, No. 4:20-CV-056-P, 2021 WL 1192249, at *10 (N.D. Tex. Mar. 30, 2021), *aff'd*, No. 21-10467, 2022 WL 2610239 (5th Cir. July 8, 2022); *Kennemer v. Pittman et al.*, No. 3:20-cv-00123 (S.D. Tex. Feb. 5, 2021), *aff'd*, No. 21-40120 (5th Cir. June 24, 2022); *Kennemer v. Alford et al.*, No. 3:20-cv-00078 (S.D. Tex. dismissed Nov. 16, 2021); *Kennemer v. Davis et al.*, No. 3:20-cv-00260 (S.D. Tex. dismissed Nov. 16, 2021); *Kennemer v. Danzy et al.*, No. 3:20-cv-00030 (S.D. Tex. dismissed Nov. 16, 2021); *Kennemer v. Collier et al.*, No. 3:19-cv-00335 (S.D. Tex. dismissed Apr. 28, 2022), *appeal dismissed*, No. 21-40508 (5th Cir. July 28, 2021).

---

[5] The Court properly takes judicial notice of Plaintiff's prior proceedings, as "[t]he proceedings at issue are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged."  *See Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *3 (E.D. Tex. Mar. 4, 2015).

Most relevant of these prior actions is Plaintiff's Northern District case: *Kennemer v. Parker Cnty.*, No. 4:20-CV-056-P (N.D. Tex. filed Jan. 20, 2020) (the "Parker County Suit"). On January 20, 2020, Plaintiff filed suit in the Northern District of Texas bringing ADA and § 1983 claims regarding the same May 31, 2018 incident as alleged here, against the same or similar defendants as those named here. There, Plaintiff sued eighteen defendants, including Parker County, SWC, Jay Eason (Director of Operations for LaSalle Southwest Corrections), "John Doe Robinson, Transport Officer for LaSalle," and "John Doe #8[,] Transport Officer for LaSalle". *Id.*, ECF No. 1. The court granted Plaintiff *in forma pauperis* status and withheld service of process pending judicial screening pursuant to 28 U.S.C. S 1915(e)(2). *Id.*, ECF No. 6.

On March 30, 2021, the court screened the complaint pursuant to the PLRA, dismissing Plaintiff's § 1983 claims against SWC, John Doe Robinson, and John Doe #8 Transport Officer for LaSalle, which included the allegations regarding the May 31, 2018 transport incident, as well as any claim under the ADA against any individual defendant. *Id.*, 2021 WL 1192249, at *8 n.4, *11. The court entered a partial final judgment, *id.*, ECF No. 13, and on April 29, 2021, Plaintiff filed an interlocutory appeal of such partial final judgment. *Id.*, ECF No. 18. The Fifth Circuit affirmed the Northern District court's judgment, finding no error in its determination that Plaintiff failed to state a § 1983 claim against SWC based on municipal liability, that Plaintiff failed to state a claim against Robinson and the other transfer officers by failing to adequately plead any individual was subjectively deliberately different, that no individual defendant is liable under the ADA, and that Plaintiff's claim for injunctive relief is moot because he is no longer housed at any facility complained of. *Kennemer*, 2022 WL 2610239, at *1-2. The Fifth Circuit affirmed the Northern District's partial final judgment on July 8, 2022. Interestingly, the LaSalle Defendants

were not added as defendants to this cause until after final judgment was entered in the Parker County Suit.

### *Motion to Dismiss – LaSalle Defendants*

On November 8, 2021, SWC filed its Motion to Dismiss [Dkt. 56]. SWC urges dismissal is proper as to each LaSalle Defendant, including Robinson and LaSalle John Doe, on numerous grounds, including because a final judgment has already been entered by the Northern District of Texas in the Parker County Suit on the May 31, 2018 incident [Dkt. 56 at 1-3].[6] On November 30, 2021, Plaintiff filed a response [Dkt. 59], and on January 11, 2022, SWC filed a reply [Dkt. 65].

## LEGAL STANDARDS

### *Section 1915A and 1915(e) Screening[7]*

Although SWC has filed a Motion to Dismiss, Plaintiff's live pleading is also subject to screening and possible *sua sponte* dismissal under 28 U.S.C. § 1915. A court may dismiss a civil rights complaint under § 1915A and § 1915(e) "at any time if it fails to state a claim on which relief can be granted." *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (citing 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1)). "Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief." *Prescott v. Johnson*, No. 6:18CV577, 2022 WL

---

[6] When a defending party establishes the plaintiff has no cause of action, this defense generally inures to the benefit of similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding that where "a defending party establishes that plaintiff has no cause of action ... this defense generally inures also to the benefit of a defaulting defendant."); *McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794-95 (5th Cir. 2007); *Crop Prod. Servs., Inc. v. Keeley*, No. 4:14-CV-559, 2016 WL 2758439, at *5 (E.D. Tex. May 12, 2016), *aff'd sub nom. Matter of Grabanski*, 691 F. App'x 159 (5th Cir. 2017); *Hernandez v. U.S. Bank, N.A.*, No. 3:13-CV-2164-O, 2013 WL 6840022, at *13 (N.D. Tex. Dec. 27, 2013).

[7] Plaintiff was a prisoner at the time he filed his complaint, thus his claims are subject to screening under § 1915A. *See Smith v. Tom Green Cnty. Jail*, No. 6:17-CV-0055-BL, 2018 WL 3873665, at *7 (N.D. Tex. Aug. 15, 2018) (citing *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998)). Plaintiff is also proceeding *in forma pauperis*, and his claims are subject to screening under § 1915(e).

672694, at *3 (E.D. Tex. Mar. 7, 2022) (citing *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009)).[8]  Both sections require the Court to dismiss for failure to state a claim, and the standard applied is the same as for a Rule 12(b)(6) dismissal.  *See Smith v. Tom Green Cnty. Jail*, No. 6:17-CV-0055-BL, 2018 WL 3873665, at *7-8 (N.D. Tex. Aug. 15, 2018); *Roberts v. Johnson*, No. 4:19-CV-00114-ALM-CAN, 2019 WL 6534924, at *4 (E.D. Tex. Oct. 28, 2019), *report and recommendation adopted*, No. 4:19-CV-114, 2019 WL 6527892 (E.D. Tex. Dec. 4, 2019).

### Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant.  FED. R. CIV. P. 12(b)(6).  The claims must include enough factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).[9]  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555.  Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim.  *See Bustos v. Martini Club, Inc*., 599 F.3d 458, 465-66 (5th Cir. 2010).

---

[8] "A complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist."  *Harris v. Bigs*, 381 F. App'x 363, 364 (5th Cir. 2010) (per curiam) (quoting *Martin*, 156 F.3d at 580); *see Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Cheek v. United States*, No. 4:19-CV-737-O, 2020 WL 6162045, at *3 (N.D. Tex. Oct. 21, 2020) (citing *Neitzke*, 490 U.S. at 327).

[9] To assess the sufficiency of a complaint, the Court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief."  *Iqbal*, 556 U.S. at 681.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

SWC argues for dismissal of Plaintiff's Section 1983 claims against the LaSalle Defendants based on *res judicata*. In addition to *res judicata*, SWC urges dismissal on all claims is appropriate due to limitations; failure to state a § 1983 claim; failure to state a valid ADA or Section 504 claim; and mootness of the request for declaratory relief.

### *Res Judicata*[10]

*Res judicata* bars Plaintiff's Section 1983 claims against the LaSalle Defendants. Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *Larter & Sons, Inc. v. Dinkler Hotels Co*., 199 F.2d 854, 855 (5th Cir. 1952) (if the facts are "conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss"); *see U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015); *Stanford v. Kelley*, No. 4:21-CV-388-ALM-CAN, 2022 WL 670929, at *7 (E.D. Tex. Feb. 12, 2022), *report and recommendation adopted*, No. 4:21-CV-388, 2022 WL 657969 (E.D. Tex. Mar. 4, 2022).

The concept of *res judicata*, in the broadest sense, embraces two distinct preclusion concepts: claim preclusion, often termed *res judicata*, and issue preclusion, often referred to as "collateral estoppel." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994). The Fifth Circuit explains the doctrine of *res judicata* as follows:

> The term "res judicata" is often used to describe two discrete preclusive doctrines: res judicata and collateral estoppel. These doctrines relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing

---

[10] SWC seeks dismissal of Plaintiff's lawsuit as barred by *res judicata*. The Court may also *sua sponte* consider *res judicata*. Plaintiff received notice of the *res judicata* bar by and through the instant Motion to Dismiss, which urges dismissal of Robinson and LaSalle John Doe, and Plaintiff had opportunity to respond and did respond to the Motion. *See Garrett v. BBVA Compass Bank*, No. 3:19-CV-1491-C-BH, 2020 WL 3065938, at *7 (N.D. Tex. May 22, 2020) ("Although BBVA is the only party that moves to dismiss this action, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond."), *report and recommendation adopted*, No. 3:19-CV-1491-C-BH, 2020 WL 3064800 (N.D. Tex. June 8, 2020).

> inconsistent decisions, encourage reliance on adjudication.  Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.  The bar prevents relitigation of all issues that were or could have been raised in the previous action.

*United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007) (internal citations, quotations, and alterations omitted).  For *res judicata* to apply: "(1) the parties must be identical [or in privity] in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  *Sommer v. Wilmington Sav. Fund Soc'y, FSB*, No. 4:17-CV-300-ALM-CAN, 2018 WL 1956466, at *3 (E.D. Tex. Mar. 27, 2018) (quoting *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)), *report and recommendation adopted*, No. 4:17-CV-300, 2018 WL 1942774 (E.D. Tex. Apr. 25, 2018) (Mazzant, J.).  "If these [] conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action."  *Trevino v. Bank of N.Y. Mellon*, No. 1:19-cv-158, 2020 WL 826641, at *3 (S.D. Tex. Jan. 29, 2020) (quoting *JPMorgan Chase Bank, N.A. v. Shatteen*, 4:12-CV-579, 2015 WL 136629, at *3 (E.D. Tex. Jan. 7, 2015)), *report and recommendation adopted*, No. 1:19-cv-00158, 2020 WL 823804 (S.D. Tex. Feb. 19, 2020).  In deciding the preclusive effect of prior litigation, the Court may take judicial notice of the relevant previous actions.  *See Thomason v. Ala. Home Builders Licensure Bd.*, No. 2:19-CV-873-WKW, 2022 WL 1252378, at *1 (M.D. Ala. Apr. 27, 2022) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999)) (citation omitted) ("Taking judicial notice of filings and orders in a previous action is authorized, especially for determining the preclusive effect of the prior case.").  "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is

proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

Defendant argues Plaintiff alleged "virtually identical" § 1983 claims against SWC in the Parker County Suit, including claims arising out of Plaintiff's transport on May 31, 2018 to the Denton County Jail [Dkt. 56 at 7-8]. The Motion urges all four elements of *res judicata* are met:

> As to the May 31, 2018 incident, the parties in the Parker County Suit and this case are identical, Plaintiff alleged the same injury at the Denton Co[u]nty Jail in both cases, the Parker County judgment was rendered by a court of competent jurisdiction, and the district court's dismissal with prejudice of the claims concerning the May 31, 2018 incident was a final judgment on the merits.

[Dkt. 56 at 8]. Plaintiff urges elements two and four have not been demonstrated; that the same claims are not involved because the alleged injury occurred in Denton County, and the decision was not rendered by a court of competent jurisdiction because the Northern District of Texas does not have jurisdiction over the Denton County Jail [Dkt. 59 at 12-14]. SWC rejoins that neither of these contentions has merit and *res judicata* is apparent on the face of the pleadings.

Plaintiff does not contest either the first or third elements – that the Parker County Suit involved identical parties and was a final judgment on the merits [Dkt. 65 at 4-5]. SWC is the same party in both lawsuits (referred to as "LaSalle" in the Parker County Suit and here as SWC). Defendant Robinson is also the same party (identified as "James Robinson" in this suit and as "Officer John Doe Robinson" in the Parker County Suit), as well as LaSalle John Doe (identified as Defendant #7/John Doe #3 in this lawsuit and as Defendant #15/John Doe #8 in the Parker County Suit).[11] Moreover, and also relevant to the Court's analysis of the fourth element *infra*,

---

[11] Defendant notes that "[a] review of the specific factual allegations against John Doe [#3] in this matter and against John Doe #8 in the Parker County Suit shows that these allegations are asserted against the same person for the same acts on the same day in two, separate lawsuits" [Dkt. 56 at 4].

the factual allegations against the LaSalle Defendants in the Parker County Suit are identical to

those here:

### Defendant 2 - LaSalle Southwest Corrections

Plaintiff alleges LaSalle did not provide transportation equipped for his disability. The van used to transport him discriminated against [his] disability. He claims that he could not climb steps with crutches, and that LaSalle did not provide him, as a pre-trial detainee, with medical care. Compl. 4, ECF No. 1.

La Salle is alleged to be responsible for providing medical staff that will follow doctor's orders, provide transportation that conforms to a detainee's disability, and provide jailers that understand the rights of detainees. Compl. 13, ECF No. 4.

. . .

### Defendant 14 - Officer John Doe Robinson (assigned as a transport officer on May 23, 2018)

Plaintiff alleges this defendant took the crutches prescribed to him by the doctor. Compl. 7, ECF No. 1.

Plaintiff once again complains of his transport, this time in a van to move him from Parker County to Jack County on May 25, 2018, and he alleges that both Defendants 14 and 15, acted in their own capacities, hurting [him] loading into the transportation van. Compl. 24, ECF No. 1. . . .

Also, after being in the Jack County Jail for a few days, Plaintiff was then again transported on May 30, 2018 to Denton County Jail so that he could be picked up by a TDCJ transport vehicle. Compl. 25, ECF No. 1 The transport officers were once again Defendants 14 and 15, and Plaintiff complains they forced him to walk 100 feet without crutches, and caused him pain and injury in loading him into the van. Compl. 25, ECF No. 1.

### Defendant 15 - John Doe 8 (Assigned as a transport officer for LaSalle on May 23, 2018)

Plaintiff alleges Defendant 15 acted in his personal capacity in hurting him and causing injury by putting using his hands to place him into the transport van that was not equipped for his disability. Compl. 7, ECF No. 1.

[See additional claims above as to Defendants 14].

*Kennemer*, 2021 WL 1192249, at *1-2, 4. Consideration of these factual allegations, when

contrasted against Plaintiff's live pleading, make clear that the LaSalle Defendants sued in this suit

are identical to those sued in the Parker County Suit.

The third element – final judgment on the merits – is also met, as the Parker County Suit resolved the merits of Plaintiff's § 1983 claims concerning the May 31, 2018 incident against each of the LaSalle Defendants, and the ADA claim against Robinson and LaSalle John Doe in an individual capacity. *See id.* at *11 (dismissing "all of Kennemer's claims for violation of constitutional rights under 42 U.S.C. § 1983 against Parker County, Texas, LaSalle Southwest Corrections, and Jack County, Texas" as well as "all of Kennemer's claims for violation of constitutional rights under 42 U.S.C. § 1983 against [ ] Defendant 14 (Officer John Doe Robinson)"; and "any claims under the Americans with Disabilities Act asserted against any defendant in an individual capacity."). The Fifth Circuit affirmed the court's judgment, making the district court's judgment final as to these claims against these parties. *Id.*, 2022 WL 2610239, at *1 ("the district court dismissed several of Kennemer's claims and entered a final judgment under Federal Rule of Civil Procedure 54(b) as to those claims such that we have jurisdiction over Kennemer's timely interlocutory appeal as to those claims. We conclude no error as to this judgment.").[12]

Upon consideration of the pleadings, the remaining *res judicata* elements are also met. The Northern District of Texas in the Parker County Suit is a court of competent jurisdiction. *See Williams v. Whitaker*, No. 4:19-CV-00085-ALM-CAN, 2019 WL 7859563, at *4 (E.D. Tex. Oct. 28, 2019) ("The District Court for the Northern District of Texas, a court of competent jurisdiction, not only entered a final judgment on Plaintiff's complaint, but that judgment was affirmed upon appeal to the Fifth Circuit Court of Appeals. Thus, the second and third elements are also met herein."), *report and recommendation adopted*, No. 4:19-CV-85, 2019 WL 6768621

---

[12] At the time SWC filed the instant Motion, Plaintiff's interlocutory appeal to the Fifth Circuit remained pending [Dkt. 56 at 9]. The Fifth Circuit has since affirmed the district court's judgment, making the dismissal of Plaintiff's claims final. Though the Fifth Circuit noted that it was affirming *and* remanding, that posture is the result of Plaintiff's interlocutory appeal, as live claims remain before the district court. *See Kennemer*, 2022 WL 2610239, at *2 n.2.

(E.D. Tex. Dec. 12, 2019).  Further to this point, Plaintiff did not challenge the Northern District of Texas's jurisdiction over the Parker County Suit on appeal.  *See Kennemer*, 2022 WL 2610239, at *1-2.  Nonetheless, Plaintiff now urges against finding the second element, arguing the Northern District court "has jurisdiction over Parker County and the transportation into Denton County but jurisdiction over the injury in the Denton County Jail belongs to the Eastern District of Texas" [Dkt. 59 at 13-14].    SWC rejoins that Plaintiff misunderstands the nature of "competent jurisdiction," and is confusing or conflating venue with jurisdiction [Dkt. 65 at 5].  The Court agrees.  First, SWC, Robinson, and LaSalle John Doe are the relevant parties as to this element. The Northern District had federal question subject matter jurisdiction over Plaintiff's Section 1983 claims and personal jurisdiction over the LaSalle Defendants [Dkt. 65 at 5].  As SWC correctly notes, Plaintiff chose to litigate his claims against SWC, Robinson, and LaSalle John Doe both here and in the Parker County Suit.[13]  Certainly, venue can be proper in more than one district,[14] and the "alleged wrong" Plaintiff asserts that LaSalle Defendants committed during transport allegedly occurred in or spanned multiple districts, both here and in the Northern District of Texas. *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 691 (E.D. Tex. 1999) (finding venue was proper in both the Eastern and Northern Districts of Texas where the "place of the alleged wrong" lies in both).  But *res judicata* does not turn on venue.  Plaintiff's argument that the Parker County

---

[13] Defendant argues Plaintiff "does not get a do-over by arguing that claim should not have been included or by redefining jurisdictional allegations" [Dkt. 65 at 6]. (citing *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-0961-RWSJDL, 2017 WL 3254689, at *2 (E.D. Tex. July 21, 2017) ("Indeed, a party's litigation conduct may constitute waiver, particularly where that party repeatedly seeks affirmative relief from the Court or otherwise demonstrates by its actions that it consents to litigate in a particular forum."), *adopted sub nom. Realtime Data LLC v. NetApp, Inc.*, 2017 WL 3588047 (E.D. Tex. Aug. 21, 2017).  Plaintiff's litigation conduct demonstrates he has sought to litigate the same claims and injury in multiple venues.

[14] The federal venue statute provides the venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  "Under the [venue] statute it is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred." *Umphress v. Hall*, No. CV 4:20-CV-00253-P, 2020 WL 4731980 (N.D. Tex. Aug. 14, 2020) (quoting *Globe Glass & Mirror Co. v. Brown*, 888 F. Supp. 768, 770 (E.D. La. 1995)).

Suit and the judgment entered by the Northern District of Texas is not a judgment by a court of competent jurisdiction, based on the location of the Denton County Jail, is not persuasive. Plaintiff included the May 31, 2018 incident in his Norther District of Texas suit. The second *res judicata* element is met.

The fourth and final element is also satisfied because this lawsuit and the Parker County Suit involve the same May 31, 2018 transport incident. Courts in this circuit use a transactional test for the fourth element, and the critical issue is whether the two suits are based on the same nucleus of operative facts. *Oreck Direct, LLC*, 560 F.3d at 401-02 (quoting *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)) (cleaned up). "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)). "[P]laintiffs in Texas are required to bring, in the initial suit, all possible claims arising out of the same 'transaction.'" *Cox v. Nueces Cnty.*, 839 F.3d 418, 421 (5th Cir. 2016) (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 630-31 (Tex. 1992)).

The Parker County Suit incontrovertibly adjudicated the same injury that Plaintiff complains of in this lawsuit—Plaintiff's transport to the Denton County Jail on May 31, 2018:

> Plaintiff once again complains of the actions of transport officers related to a May 25, 2018 transfer from Parker County Jail to the Jack County Jail. Compl. 24-25, ECF No. 1. In this instance, Kennemer names Defendant 14 (John Doe Robinson) and Defendant 15 (John Doe 8) as the transport officers. He alleges that on May 25, 2018 both of these defendants hurt him when they loaded him into the transport van. He also contends that Defendant 14 took his crutches away, but acknowledges Defendant 14 did so only after checking by phone with the medical department at Parker County.
>
> After only a few days in the Jack County Jail, Kennemer explains that on May 30, 2018, he was again transported to the Denton County Jail in order for him to be picked up by TDCJ. Once again, Defendants 14 and 15 were the transport officers

assigned to move him, and on this occasion, Kennemer contends the officers forced him to walk 100 feet without crutches, thus causing him pain and injury when loading him into the van.

*Kennemer*, 2021 WL 1192249, at *9 (citations omitted).  In the Parker County Suit, the Northern District of Texas determined Plaintiff had failed to state a § 1983 claim against SWC based on municipal liability:

> Although Kennemer writes of the alleged failure of both Parker and Jack Counties, and of La Salle Southwest Corrections, to provide facilities and services that are equipped for his disability (with extensive detailed allegations about the conditions of the floors, showers, and toilet facilities), he never recites a particular policy, practice, or custom of any of these entities implemented by a policy maker that caused him to sustain injury. Compl. 4, 6, 13, 15, 23, ECF No. 1. Thus, Kennemer's allegations do not implicate any official policy and he does not articulate facts that would support inadequate policy based claims against Parker County, Jack County, or LaSalle Southwest Corrections. Thus, all of Kennemer's claims for relief under § 1983 against defendants Fowler, Spurlock, and Eason in an official capacity, and all claims for relief under § 1983 against Parker County, Jack County, and LaSalle Southwest Corrections, must be dismissed for failure to state a claim upon which relief may be granted.
>
> …
>
> Therefore, the Court finds and concludes that Kennemer's allegations against the different defendant officers involved in loading and transporting him in vans, fail to state claims of the violation of a constitutional right. As such, Kennemer's claims against all of the transport officers—Defendant 4 (Officer Jane Doe Garcia), Defendant 6 (Officer Jon Doe 2), Defendant 9 (Officer John Doe 4), Defendant 10 (Officer Jane Doe 5), Defendant 11, (Officer Jane Doe 6), Defendant 12 (Officer John Doe 7), Defendant 14 (Officer John doe Robinson), and Defendant 15 (Officer John Doe 8), will be dismissed for failure to state a claim upon which relief may be granted.

*Id.* at *10.  Thus, the Court must conclude that each of Plaintiff's claims in this lawsuit arise out of the same nucleus of facts as the Parker County Suit.  Plaintiff argues against this result, asserting (similar to his argument in connection with the second element) that because the injury alleged here occurred in Denton County it can only be litigated in the Eastern District of Texas [Dkt. 59 at 12-13].  SWC contends such fact is not germane to the Court's analysis because *res judicata*

bars all claims that *could* have been brought and litigated in the previous lawsuit [Dkt. 65 at 6]. Indeed, *res judicata* bars any claims that could have been asserted previously but were not. *See Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020) ("[Plaintiff's] new claims arise out of the same nucleus of facts giving rise to the first lawsuit, and his new legal theory does not negate a finding of res judicata."). Even if the Court assumed the specific injury asserted by Plaintiff in the Parker County Suit is different from the injuries alleged here, the LaSalle Defendants' conduct that gives rise to the claims in both lawsuits is the same. Plaintiff alleges no further acts or inactions on the part of the LaSalle Defendants that occurred after the May 31 transfer in either lawsuit. For the fourth element, this is "completed conduct" that gives rise to a single claim for all injuries that flow from it, and even distinct injuries from the same acts must be brought together under the transactional test. *See Clyce*, 836 F. App'x at 269 (citation omitted) (quoting 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4409 (3d ed. 2017)) ("Further, [Plaintiff] did not allege that he had contact with any of the [Defendants] after he left the Detention Center or that they committed additional acts after his departure that resulted in the harm he suffered. 'Generally it will be safe to assume that completed conduct gives rise to a single claim for all resulting harm, both that experienced at the time of suit and that which will continue into the future.' Thus, [Plaintiff's] new claims arise out of the same nucleus of facts giving rise to the first lawsuit") (cleaned up). The transactional test is satisfied because Plaintiff does not allege any new or later-occurring conduct than that at issue in the Parker County Suit, and *res judicata* bars these claims. *See Clyce*, 836 F. App'x at 268 (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)) ("Though Chance maintains that the injuries alleged in this lawsuit 'occurred after he left the facility and were continuous' and that the defendants had a duty after he left to provide remedial

and compensatory services, the actions (or inactions) giving rise to that purported duty nevertheless occurred during his detention.").

Because all elements for *res judicata* are met, Plaintiff's Section 1983 claims against the LaSalle Defendants in the present suit are barred and should be dismissed with prejudice. *See Hines v. Graham*, 320 F. Supp. 2d 511, 519-20 (N.D. Tex. 2004) (dismissing with prejudice, and as a strike under the IFP statute, where the claims were barred by *res judicata* and clearly duplicative of a previous lawsuit).[15]

### Statute of Limitations

In addition, all of Plaintiff's statutory claims are barred by limitations. Similar to *res judicata*, limitations may permit dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002)).  Stated differently, dismissal is proper if the complaint affirmatively shows the plaintiff's claims are time barred and there is no basis for tolling. *Scott v. Liberty Cnty.*, No. 1:10-CV-609-TH, 2012 WL 6000405, at *8 (E.D. Tex. Nov. 30, 2012) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011)) ("a complaint may be subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.").  The forum state's general statute of limitations for personal injuries provides the applicable limitations period for § 1983 cases. *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir.

---

[15] Plaintiff's ADA claims against Robinson and LaSalle John Doe, to the extent asserted, are also barred by *res judicata*.  In the Parker County Suit, the court dismissed any of Plaintiff's ADA claims "asserted against any defendant in an individual capacity"; however, in its discussion of the merits, the court more broadly explained the ADA "does not authorize individual liability." *Kennemer*, 2021 WL 1192249, at *11.  While it was unclear if Plaintiff pleaded any ADA claim against the individual defendants, "in an abundance of caution," the court "expressly dismiss[es] any such claims." *Id.* at *8 n.4.  On appeal, the Fifth Circuit affirmed the broader finding that "because the Americans with Disabilities Act does not permit individual liability, the district court properly dismissed those claims." *Id.*, 2022 WL 2610239, at *2.

2020) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)). Considering Texas law, the § 1983 limitations period is two years. *Id.* at 444 (citing *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 16.003)); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). This same two-year statute of limitations applies to disability discrimination claims brought under Title II of the ADA and the Rehabilitation Act. *Frame*, 657 F.3d at 237 (5th Cir. 2011); *Est. of King v. Polk Cnty.*, No. 9:17-CV-31, 2020 WL 1510292, at *3 (E.D. Tex. Mar. 30, 2020) ("[T]he Fifth Circuit, noting that discrimination claims are analogous to personal injury claims, has also applied Texas' two-year statute of limitations for personal injuries to claims brought pursuant to the ADA and RA.").[16] "A federal court applying a state statute of limitations must give effect to the state's tolling provisions, as well." *Est. of I.C.D. v. Beaumont Indep. Sch. Dist.*, No. 1:18-CV-137, 2020 WL 1028073, at *6 (E.D. Tex. Mar. 2, 2020). While state law controls the limitations period, federal law determines the issue of accrual. *Matter of Hoffman*, 955 F.3d at 444. Under federal law, a § 1983 claim accrues when the plaintiff becomes aware of the injury. *See Roe v. Johnson Cnty.*, No. 3:18-CV-2497-B-BN, 2020 WL 6576784, at *7 (N.D. Tex. July 31, 2020).[17]

Defendant urges Plaintiff's instant lawsuit is time barred upon a facial review of the pleadings. The instant suit was filed on February 3, 2020 [Dkt. 1]. The live pleading, adding Defendants SWC, Robinson, and LaSalle John Doe, was filed on May 26, 2021 [Dkt. 35]. Defendant argues Plaintiff's claim accrued on the day of the alleged injury, the day he arrived at

---

[16] The same statute of limitations applies to § 1983 claims brought under *Monell* against municipal entities and their employees. *Bell v. Stanek*, No. 14 C 6627, 2016 WL 3364786, at *2 (N.D. Ill. June 17, 2016), *aff'd sub nom. Bell v. City of Chicago*, 694 F. App'x 408 (7th Cir. 2017).

[17] "This awareness encompasses two elements: (1) knowledge of the fact that an injury has occurred, which is not the same as knowledge that one has a legal claim, and; (2) knowledge of the identity of the person who inflicted the injury." *Salas v. City of Galena Park*, No. 21-20170, 2022 WL 1487024, at *8 (5th Cir. May 11, 2022) (per curiam) (citing *Piotrowski*, 51 F.3d at 516). "A plaintiff need not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski*, 51 F.3d at 516.

the Denton County Jail, May 31, 2018 [Dkt. 56 at 11].  Plaintiff therefore had two years, until Monday, June 1, 2020, to file the instant § 1983 and ADA and Section 504 claims.  The LaSalle Defendants were added to this lawsuit nearly one year after limitations had expired; Plaintiff's claims against them are thus time barred unless there is a basis for tolling.  *See Est. of King*, 2020 WL 1510292, at *4 (dismissing § 1983 claims and ADA and Rehabilitation Act claims brought after the two-year statute of limitations had run, absent any showing of equitable tolling); *Bowling v. Willis*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2517090, at *10 (E.D. Tex. Apr. 2, 2019) (recommending dismissal of § 1983 action as time-barred), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).  No basis for tolling is apparent, and such finding is buttressed by a review of Plaintiff's litigation history, specifically the Parker County Suit, reflecting his knowledge of the LaSalle Defendants' alleged conduct on or before January 22, 2020 (the filing date of the Parker County Suit).

Plaintiff argues against limitations, contending: (1) his amended complaint adding the LaSalle Defendants as parties is fair because they had notice of the claims before limitations had run through their alleged association with Denton County; and (2) COVID 19-related tolling provisions apply [Dkt. 59 at 14-18].[18]  Defendant counters that Plaintiff's claims do not relate back under Rule 15, and that even if the Texas COVID tolling provisions did apply in this case, Plaintiff's claims would still be time barred [Dkt. 65 at 6-11].

---

[18] Plaintiff vaguely asserts other basis for tolling, alleging "plaintiff was also under a State of Emergency/Covid from March of 2020 until October 7th, 2021, which prevented him from prosecuting the case properly," and that "[t]his State of Emergency/Covid crimpled courts, attorneys, and the TDCJ and their ability to provide legal material, or a law Library" [Dkt. 59 at 15].  Plaintiff's live pleading does not state a claim for denial of access to the courts, nor does he allege any facts showing he was prevented from litigating this case.  The present record provides no support for this claim – during the timeframe Plaintiff identifies, Plaintiff filed an interlocutory appeal to the Fifth Circuit, challenging this Court's denial of his motion for appointment of counsel, and he filed two motions and multiple other responses and notices that demonstrate Plaintiff was able to prosecute this case [*See docket generally*].

The relation-back doctrine allows for amendments to a pleading to relate back to the date of the original pleading. "Federal Rule of Civil Procedure 15(c)(1) states that "'[a]n amendment to a pleading relates back to the date of the original pleading' in a few specific circumstances." *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017). As the amended complaint here seeks to bring in new parties, Rule 15(c)(1)(C) applies.[19] "Rule 15(c)(1)(C) provides that an amendment relates back to the original complaint when, in addition to meeting certain other requirements, 'the amendment changes the party or the naming of the party against whom a claim is asserted' and 'the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.* (quoting FED. R. CIV. P. 15(c)(1)(C)). "For purposes of relation back, a mistake depends on 'what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint.'" *Manfre-Lane v. S. Tex. Dental Assocs. L.P.*, No. 3:20-CV-2931-S-BH, 2022 WL 2836797, at *4 (N.D. Tex. May 23, 2022) (quoting *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010)), *report and recommendation adopted*, No. 3:20-CV-2931-S-BH, 2022 WL 2835839 (N.D. Tex. July 20, 2022). It is also required that the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits." FED. R. CIV. P. 15(c)(1)(C)(i). Plaintiff bears the burden to demonstrate that an amended complaint relates back under Rule 15(c). *Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (citing *Dodson v. Hillcrest Sec. Corp.*, Nos. 92–2353, 92–2381, 1996 WL 459770, at *10 (5th Cir. 1996)).

---

[19] Rule 15(c) provides a path that allows a pleading to relate back where "the law that provides the applicable statute of limitations allows relation back," but the Fifth Circuit has held that "the law governing the statute of limitations in a § 1983 claim arising in Texas does not relate back within the meaning of this subsection." *Carlos Salazar v. Zapata Cnty.*, No. 5:16-CV-00292, 2018 WL 8017042, at *3 (S.D. Tex. Dec. 6, 2018) (citing *Balle v. Nueces Cnty.*, 690 F. App'x 847, 850 (5th Cir. 2017)), *report and recommendation adopted sub nom. Salazar v. Zapata Cnty.*, No. 5:16-CV-00292, 2019 WL 765146 (S.D. Tex. Feb. 21, 2019); FED. R. CIV. P 12(c)(1)(A).

Plaintiff filed the Parker County Suit over a year before amending his complaint to add the same LaSalle Defendants as parties to this lawsuit. No mistake of parties is demonstrated, as Plaintiff references the May 31, 2018 transport by LaSalle transport officers in his original complaint [Dkt. 56 at 13; *see* Dkt. 1 at 6]. *See Mitts v. Sikorsky Aircraft Corp.*, No. CV H-10-5164, 2012 WL 12893657, at *5 (S.D. Tex. June 26, 2012) ("nothing in the record reflects that any mistake was made in naming the proper parties, nor do the [plaintiffs] argue any such mistake."); *Trigo v. TDCJ-CID Offs.*, No. CIV.A. H-05-2012, 2010 WL 3359481, at *18 (S.D. Tex. Aug. 24, 2010) ("The plaintiffs did not mistakenly sue party A instead of party B. Rather, the current defendants are prison medical personnel who treated [the plaintiffs].") . Plaintiff's choice to omit the LaSalle Defendants as parties to the original complaint does not constitute a mistake, and the amended complaint does not relate back for the purpose of Rule 15(c). *See Mitts*, 2012 WL 12893657, at *4 (citing *Sanders–Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010)) ("a conscious choice to sue one party over another is not a mistake and does not constitute the basis for relation back."); *Lee v. Denoux*, No. CV 16-16072, 2019 WL 2641286, at *5 (E.D. La. June 27, 2019) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320-21 (5th Cir. 1998)) ("the court of appeals found the amendment did not relate back because the plaintiff had not been mistaken about the identity of the deputies."). Any John Doe defendant should be dismissed for the same reason. *See Balle*, 952 F.3d at 557 (quoting *Jacobsen*, 133 F.3d at 321) ("when a plaintiff names "a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant.").

Further, as for the notice element, Defendant urges there was no actual notice, and that contrary to Plaintiff's assertion, there is no imputed notice due to any "identity of interest" between Denton County and the LaSalle Defendants named in the amended complaint [Dkt. 56 at 13-14].

Plaintiff does not assert the LaSalle Defendants had actual notice, urging instead they had notice when Denton County was put on notice [Dkt. 59 at 14]. No facts are alleged to support that the LaSalle Defendants and Denton County are "closely related in their business operation" such as to provide notice to the later-added defendants [*See* Dkt. 59 at 15]. However, even if Plaintiff had shown the LaSalle Defendants received notice through Denton County, notice and mistake of identity are both requirements for relation back under Rule 15(c), so showing notice alone is not enough. *See Winzer v. Kaufman Cnty.*, 916 F.3d 464, 470 (5th Cir. 2019) (citing *Jacobsen*, 133 F.3d at 319-22) ("the plaintiff must show both that the added defendant received adequate notice of the original lawsuit and that the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant.").[20] Because Plaintiff has not carried his burden to show the LaSalle Defendants had notice and were omitted from the original complaint by mistake, the amended complaint does not relate back under Rule 15(c).

Regarding the tolling of any statute of limitations by the Supreme Court of Texas's COVID emergency orders, Plaintiff refers to several such orders but does not clearly state how the applicable limitations were allegedly tolled through the date he filed the amended complaint [Dkt. 59 at 15-18]. Defendant argues Plaintiff's claims are time barred even after accounting for all mandatory tolling orders, and further, that Plaintiff raises the issue of tolling for the first time in response to the instant Motion and therefore the basis for tolling is not apparent from the pleadings. Plaintiff does not point to anywhere in his original complaint or amended complaint

---

[20] The Fifth Circuit has recently elaborated that these are distinct and separate requirements, and any "identity of interests exception" cannot save an amendment where mistake of identity is not shown. *See Winzer*, 916 F.3d at 471 n.5 (citing *Jacobsen*, 133 F.3d at 319-21) (citations omitted) ("this doctrine only applies to Rule 15(c)'s requirement that the substituted party must have received notice of the suit. It does not relate to 15(c)'s second requirement that there also be a mistake of identity. It is on the second requirement that Appellants' argument fails and the 'identity of interest' exception does not cure that fault.").

that raises any basis for tolling.  Recall that Plaintiff filed the amended complaint on May 26, 2021; thus, for Plaintiff to show his claims were tolled, he must show that the COVID emergency orders tolled limitations between June 1, 2020 and May 26, 2021.  Defendant's reply meticulously charts the series of tolling orders, arguing that the mandatory tolling of limitations extended to September 15, 2020 at the latest [Dkt. 65 at 9-11].  Under the applicable tolling orders, Plaintiff's amended complaint added the LaSalle Defendants more than six months after this date.  The Supreme Court of Texas's later COVID orders provided for permissive rather than mandatory tolling,[21] and the most recent order cited by Plaintiff, the Twenty-Ninth Emergency Order [Dkt. 59 at 18], provides for permissible tolling through a period ending no later than February 1, 2021.[22] This still does not reach the date of Plaintiff's amended complaint.[23]  Each and every of Plaintiff's statutory claims are thus barred by limitations and subject to dismissal.  Notwithstanding, the Court considers two additional arguments urged by Defendants, Plaintiff's failure to state an ADA/Section 504 claim and the mootness of any request for declaratory relief.

### *Failure to State an ADA and Section 504 Claim – Against SWC Only*

Under ADA Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  "A plaintiff states a claim for relief under Title II [of the ADA] if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or

---

[21] The Twenty-Sixth Emergency Order provides that "all courts in Texas may in any case, civil or criminal" elect to "modify or suspend any and all deadlines" until no later than December 1, 2020.  Supreme Court of Texas, *Twenty-Sixth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 135 (Tex. Sept. 18, 2020).

[22] Supreme Court of Texas, *Twenty-Ninth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 863 (Tex. Nov. 11, 2020).

[23] Defendant notes the Fortieth Order permitted tolling through October 1, 2021 [Dkt. 65 at 10 & n.14]; however, this Order is dated July 19, 2021, and thus was entered after Plaintiff filed his amended complaint.  *See* Supreme Court of Texas, *Fortieth Emergency Ord. Regarding COVID-19 State of Disaster*, 629 S.W.3d 911, 912 (Tex. July 19, 2021).

activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Under the ADA, a "public entity" is defined as: (A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49). 42 U.S.C. § 12131(1). Section 504 of the Rehabilitation Act applies only to federal agencies and entities receiving federal financial assistance. *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015).

SWC argues that Plaintiff fails to state a claim under the ADA or Section 504 against it because SWC is not a "public entity" for the purpose of the ADA nor does it receive federal funds for the Rehabilitation Act to apply [Dkt. 56 at 25-26]. Plaintiff does not provide any authority that he can state an ADA or Rehabilitation Act claim against any LaSalle Defendant as liable entities under either Act; instead, he merely repeats his factual allegations in support of the prima facie elements of a disability discrimination claim. This is not enough. SWC is not liable because "[a] private prison or a private prison management corporation is not a 'public entity' under the ADA." *See Drakes v. T.C.C.F.*, No. 3:13CV133-NBB-JMV, 2014 WL 4794454, at *3 (N.D. Miss. Sept. 25, 2014) (collecting cases). Because SWC is not a liable entity, Plaintiff's claims under both Acts should be dismissed for failure to state a claim. *See Moghtader v. GEO Grp., Inc.*, No. SA-18-CV-632-XR, 2020 WL 1557770, at *10 (W.D. Tex. Mar. 31, 2020) (dismissing ADA claim against private prison because it is not a public entity as defined by the act); *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020) ("Because Block did not allege that TBLE receives federal funds, the district court did not err in dismissing his Rehabilitation Act claims"); *Nottingham v. Richardson*, 499 F. App'x 368, 376 (5th Cir. 2012) (citation omitted) ("The district

court also properly dismissed Nottingham's claim under the RA, [ ] which prohibits discrimination against individuals with disabilities in federally-funded institutions. Nottingham offered no evidence that the Randall County jail received federal funds, so the RA is inapplicable to his claims.").

### Plaintiff's Transfer Moots Request for Declaratory Relief

Defendant finally argues the declaratory relief requested is moot [Dkt. 56 at 26]. Plaintiff does not respond to this ground for dismissal. The Fifth Circuit has already held in the Parker County Suit that Plaintiff's transfer out of the facility complained of moots any claim for declaratory relief related to jail-specific remedies he seeks. *Kennemer*, 2022 WL 2610239, at *2 ("because Kennemer is no longer at either the Parker County or Jack County facilities, his claims for injunctive relief are moot.") (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). Plaintiff's release from TDCJ custody moots his claim for declaratory relief. *See, e.g.*, *Mitchell v. Tex. Denton Cnty.*, No. 4:18-CV-00490-ALM-CAN, 2021 WL 4497860, at *6 (E.D. Tex. Aug. 13, 2021) (finding equitable relief moot where "Plaintiff has not only been transferred out of the Denton County Jail but has also been released from the Texas Department of Criminal Justice"), *report and recommendation adopted*, No. 4:18-CV-490, 2021 WL 4477694 (E.D. Tex. Sept. 29, 2021); *Roussel v. Walker*, No. 5:20CV110, 2021 WL 851495, at *2 (E.D. Tex. Jan. 19, 2021) ("The Fifth Circuit has held that an inmate's transfer to another unit renders his claims for declaratory and injunctive relief moot"), *report and recommendation adopted*, No. 520CV00110RWSCMC, 2021 WL 848355 (E.D. Tex. Mar. 5, 2021).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendant LaSalle Southwest Corrections' Motion to Dismiss [Dkt. 56] be **GRANTED**, and Plaintiff's claims against LaSalle Southwest Corrections, James Robinson, and John Doe #3, LaSalle Correction Transport Officer be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION – Page 27